

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-1-2009

# In Re: Todd Levon

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Todd Levon " (2009). *2009 Decisions.* Paper 1412.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1412

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-146                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1003
_____

IN RE: TODD LEVON,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 08-00318)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 2, 2009

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed: May 1, 2009)

_____

OPINION
_____

PER CURIAM

        Todd Levon, a federal prisoner proceeding pro se, filed this mandamus petition

pursuant to 28 U.S.C. § 1651, seeking an order directing the Magistrate Judge to rule on

his motion for preliminary injunction.  For the foregoing reasons, we will deny the

petition.

        On November 17, 2008, Levon filed a habeas petition under 28 U.S.C. § 2241 in

the Western District of Pennsylvania requesting that he be placed in the Residential Drug and Alcohol Treatment Program ("RDAP"). Levon proceeded to file several amendments to his petition and motions for preliminary injunction. On January 5, 2009, Levon filed the instant mandamus petition. Levon asserts that he has experienced unreasonable delay in the adjudication of his motion and that he will suffer irreparable harm if he is not placed in the RDAP program.

The writ of mandamus is reserved for the most "extraordinary situations." DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953) (quoting United States v. Duell, 172 U.S. 576, 582 (1899))).

District courts have discretion over the management of their dockets. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." Allied Chem. Corp., 449 U.S. at 35-36. Nevertheless, a writ of mandamus may be warranted when a district court's failure to act is tantamount to a refusal to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). This case does not meet that standard.

2

A review of the docket for the underlying proceeding shows that a hearing on Levon's request was conducted on March 26, 2009. The minute entry for the hearing suggests that a Report and Recommendation is forthcoming. We are confident that the District Court will issue its decision in a timely fashion. Accordingly, we will deny Levon's mandamus petition without prejudice.